UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SANDRA C. UNDERWOOD, ET AL.               CIVIL ACTION

VERSUS

GENERAL MOTORS LLC                         NO.: 14-00188-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 25)** filed by Defendant General Motors LLC ("Defendant"), arguing that there are no genuine issues of material fact and that GM is entitled to judgment as a matter of law. Plaintiffs Sandra C. Underwood, Carnel Joseph, Darnell Joseph, Gregory Joseph, and Lashawn Joseph (collectively, "Plaintiffs") oppose the motion. (*See* Doc. 28). With leave of Court, Defendant has filed a reply. (*See* Doc. 36). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For reasons explained herein, Defendant's motion is **GRANTED**.

I.  BACKGROUND

On March 17, 2014, Plaintiffs filed suit in the 18th Judicial District Court, Parish of Pointe Coupee, State of Louisiana, asserting claims arising under the Louisiana Products Liability Act, La. R.S. 9:2800.51, *et seq.* ("LPLA"). Plaintiffs alleged that Defendant is liable for injuries and deaths of Jeanette R. Joseph and George Joseph, Sr., which occurred as a result of a car crash on April 7, 2012. (Doc.

1-1 at ¶¶ 5–8). Plaintiffs claimed that the car, a 2006 Saturn VUE, was defective in design and composition as a result of Defendant's acts and/or omissions, specifically:

> (A) Failure to adequately guard the fuel tank against foreseeable impacts in such a low clearance vehicle; (B) Failure to utilize a more durable and/or impact-resistant material for construction of the fuel tank; (C) Designing and manufacturing a low clearance vehicle with a fuel tank which hangs lower than the remaining under carriage; (D) Failing to provide an adequate electrical system; and (E) Any and all other defective conditions as may be learned through discovery and shown at trial herein.

(*Id.* at ¶ 9). Defendants timely removed the matter to this Court, asserting federal jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Doc. 1).

Pursuant to the scheduling order set by the Magistrate Judge, Plaintiffs were required to disclose the identities and resumes of their expert witnesses by November 3, 2014 and were required to submit expert reports to opposing parties by January 15, 2015. (*See* Doc. 14). The record reflects that Plaintiffs made no motion to seek an extension before deadlines expired. On April 9, 2015—over five months after the expert disclosure deadline and nearly three months after the expert report deadline—, Plaintiffs moved to reset deadlines for expert disclosure. (*See* Doc. 18). Counsel for Plaintiffs averred that they relied on counsel for different plaintiffs in a pending state court suit arising out of the same car accident to obtain expert witnesses in the instant litigation; because the case in state court is not "constrained by the deadlines set in this case," according to Plaintiffs, their "expert in fire causation" was unable to examine the vehicle until January 16, 2015. (*See* Doc. 18-1 at pp. 2–3). For reasons fully explained by the Magistrate Judge in his

Order, Plaintiffs did not show good cause for their non-compliance with the scheduling order, and their motion to reset deadlines was denied. (*See* Doc. 24).

In the instant motion, Defendant argues that without any experts designated to opine on required elements of their LPLA claims, Plaintiffs' claims cannot survive summary judgment. (Doc. 25). For support, Defendant attaches the reports, affidavits, and curricula vitae of several of its own expert witnesses. (Docs. 25-2–25-21).

Plaintiffs filed an opposition to the summary judgment motion. (Doc. 28). In doing so, they flouted the Magistrate Judge's prior order by attaching an affidavit and curriculum vitae of a purported expert, Michael Schulz. Upon motion, the Court ordered Mr. Schulz's materials stricken from the record and held that it would not consider any argument by Plaintiffs regarding those documents. (Doc. 37). The Court denied a subsequent motion by Plaintiffs seeking to file Mr. Schulz's expert materials as exhibits. (*See* Docs. 38, 40). Thus, it remains an undisputed fact that Plaintiffs have not designated any expert witnesses in this matter. (Doc. 25-22 at ¶ 2).

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the

3

record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

The LPLA establishes the *exclusive* theories of liability for manufacturers for damage caused by their products. La. R.S. § 9:2800.52; *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir. 1995). A plaintiff bears the burden to prove that a product is "unreasonably dangerous" in (1) construction or composition; (2) design; (3) inadequate warning; or (4) nonconformity to an express warranty.[1] *See* La. R.S. § 9:2800.54B. *See also Battistella v. Daimler Chrysler Motors, Co.*, LLC, No. CIV.A. 03-2286, 2004 WL 1336444, at *1 (E.D. La. June 14, 2004). Under any theory of defect, a plaintiff must establish, as an essential element of his or her case, that the damage was "proximately caused by a characteristic of the product that renders the product unreasonably dangerous" and, further, that such a characteristic existed at the time the product left the control of its manufacturer. La. R.S. §§ 9:2800.54A, 9:2800.54C.

In this case, Plaintiffs allege defects in the construction and design of the 2006 Saturn VUE's fuel tank and electrical system.[2] Defendant argues here that Plaintiffs have not met their burden to establish any genuine disputes of material fact with respect to essential elements of unreasonable dangerousness and

---

[1] In enacting the LPLA in 1988, the Louisiana Legislature overruled a previously existing standard under *Halphen v. Johns–Manville Sales Corp.*, 484 So. 2d 110, 113 (La. 1986), which recognized a theory of strict liability arising from a product found unreasonably dangerous *per se*. The LPLA, which applies to all causes of action accruing after September 1, 1988, does not recognize an unreasonably dangerous *per se* theory. *See R.J. Reynolds Tobacco*, 52 F.3d at 526; *Page v. Gilbert*, 598 So. 2d 1110, 1115 (La. Ct. App.), *writ denied*, 605 So. 2d 1146 (La. 1992), and *writ denied*, 605 So. 2d 1150 (La. 1992).

[2] Plaintiffs have since clarified that they now "contend that the fire arose as a result of defects in the electrical system." (Doc. 28 at p. 4). But because Plaintiffs have not explicitly abandoned claims of a defective fuel tank, the Court addresses them herein in an abundance of caution.

proximate causation. Included in the record are reports by Defendant's experts, who conclude that the Saturn VUE was not unreasonably dangerous nor were the deaths of Jeanette R. Joseph and George Joseph, Sr. caused by an unreasonably dangerous condition in the vehicle.[3]

Defendant argues that, without their own expert testimony, Plaintiffs cannot meet their burden to prove essential elements of their LPLA claims sufficient to survive summary judgment. Indeed, Louisiana courts and federal courts interpreting Louisiana law have held that it is not possible for a jury to determine a product to be defective under the LPLA without expert testimony. *See Bourgeois v. Garrard Chevrolet, Inc.*, 811 So. 2d 962, 966–67 (La. Ct. App.), *writ denied*, 816 So. 2d 854 (La. 2002) (reversing trial court's ruling and granting summary judgment in favor of defendant, holding that "plaintiff is required to present expert testimony to show a genuine issue of material fact" in LPLA action against car manufacturer regarding allegedly defective brake system); *Campbell v. Mitsubishi Motors, Inc.*, 344 F. Supp. 2d 962, 966 (W.D. La. 2004) (granting summary judgment in favor of defendant in LPLA case involving automobile airbag after finding plaintiffs' lay

---

[3] Regarding both the electrical system and the fuel tank, Mr. Manoj Modi, an Engineering Analysis Engineer, opined in his report:

> The electrical system of the subject vehicle was not unreasonably dangerous. It was reasonably safe, and it performed as designed. The fire at issue was not caused by an unreasonably dangerous condition in the electrical system of the vehicle.
> . . .
> As designed, the fuel tank was adequately shielded and the fuel tank was not the lowest component underbody. The fire at issue was not caused by an unreasonably dangerous condition in the way the fuel tank was located or shielded.

(Doc. 25-16 at p. 6).

witness testimony insufficient to dispute expert reports and opinions provided by defendant).

Plaintiffs have attached the original petition and the affidavit of George Joseph, Jr. (*See* Docs. 28-1, 28-2). Plaintiffs argue that George Joseph, Jr.'s lay witness testimony that flames appeared on the car dashboard and a "series of booms" happened prior to any collision establishes a genuine dispute of material fact, for such testimony is contrary to the assumptions relied upon by Defendant's experts. (*See* Doc. 28 at pp. 4–5). The Fifth Circuit has acknowledged that "there may be cases in which the judge or the jury, while relying on background knowledge and 'common sense,' can 'fill in the gaps'" such that an expert opinion would be unnecessary. *See Morgan v. Gaylord Container Corp.*, 30 F.3d 586, 591 (5th Cir. 1994) (*Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 184 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)). This is not such a case. Whether or not a fuel tank or an automobile electrical system was defective, or was the proximate cause of driver or passenger injury, is not part of the everyday experience of the average finder of fact. A juror would need expert testimony to evaluate these issues concerning highly technical aspects of automobile engineering. *See Caboni v. Gen. Motors Corp.*, 398 F.3d 357, 361 (5th Cir. 2005); *Battistella v. Daimler Chrysler Motors, Co., LLC*, No. CIV.A. 03-2286, 2004 WL 1336444, at *2 (E.D. La. June 14, 2004). George Joseph, Jr.'s affidavit, though it may not have formed the basis for the conclusions drawn by Defendant's experts, does not constitute competent, legally sufficient evidence

permitting Plaintiffs' claims to withstand a summary judgment motion. Plaintiffs' failure to timely designate an expert is fatal to their LPLA claims.

Even assuming *arguendo* that expert testimony would not be needed to determine unreasonable dangerousness or injury causation in this case, Plaintiffs have failed to establish that alleged defects in the fuel tank or electrical system existed at the time the 2006 Saturn VUE left the control of its manufacturer. "The product's characteristic that renders it unreasonably dangerous under La. R.S. 9:2800.55 must exist at the time that the product left the control of its manufacturer, or result from a reasonably anticipated alteration or modification of the product." *Bourgeois v. Garrard Chevrolet, Inc.*, 811 So. 2d 962, 965 (La. Ct. App.), *writ denied*, 816 So. 2d 854 (La. 2002). The Saturn VUE in this matter was six years old at the time of the car collision. In their petition, Plaintiffs alleged in a conclusory fashion that the unreasonably dangerous characteristics of the car existed when the product left the manufacturer's control. (*See* Doc. 1-1 at ¶ 10). In response to Defendant's summary judgment motion, however, Plaintiffs have failed to produce evidence demonstrating that they could carry their burden on this required element. There is no competent evidence in the record tending to show that any defect alleged to have caused Plaintiffs' injuries on April 7, 2012 existed when the car left Defendant's control in 2006.

As a final point, the Court rejects Plaintiffs' argument that it must adjudicate the crashworthiness[4] of the vehicle "[e]ven if there was no defect in the vehicle."

---

[4] "The term 'crashworthiness' denotes the ability of a motor vehicle to protect the passenger from exacerbated injuries after a collision." *Armstrong v. Lorino*, 580 So. 2d 528, 530 (La. Ct. App.), *writ*

(Doc. 28 at p. 4). On the contrary, for a plaintiff to prevail on a crashworthiness claim, he or she must prove first that the car was defective—i.e., had a flaw or imperfection which made the car unreasonably dangerous when in normal use—before proving that injuries were enhanced or made worse by the defect. *See Armstrong v. Lorino*, 580 So. 2d at 530. Plaintiffs cannot circumvent the requirement that they establish an unreasonably dangerous characteristic in the car by asserting a crashworthiness claim. For reasons discussed *supra*, Plaintiffs have not met their burden.

## IV. CONCLUSION

Because Plaintiffs have not offered legally sufficient evidence to create a genuine issue of material fact on multiple essential elements of their case, Defendant is entitled to summary judgment. Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 25)** filed by Defendant General Motors LLC is **GRANTED**.

Baton Rouge, Louisiana, this 16th day of September, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

*denied*, 584 So. 2d 1166 (La. 1991). Typically, in crashworthiness cases, "injuries occur when, in an accident, occupants collide with the interior of their cars or are thrown from the cars and collide with something else. . . . [Crashworthiness cases] focus on injuries attributable to alleged design defects, rather than initial impacts." *Rougeau v. Hyundai Motor Am.*, 805 So. 2d 147, 150 n.2 (La. 2002) (internal citation omitted).